RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2018 MAY 14 PM 3: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-518 (GAG)

LUIS ALVAREZ-PEARSON,
Defendant.

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: **Rosa Emilia Rodríguez-Vélez**, United States Attorney, **Timothy Henwood**, First Assistant United States Attorney, **Jenifer Y. Hernandez-Vega**, Assistant United States Attorney and Deputy Chief, Violent Crimes and RICO Unit, and **Camille García-Jiménez**, Special Assistant United States Attorney, along with Defendant, **Luis Alvarez-Pearson**, and his counsel, **Edwin A. Mora-Rolland**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One and Two.

1

**Count One:**

On or about September 1, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, Luis Alvarez-Pearson, the defendant herein, did knowingly possess a firearm, that is, a loaded HK USP 9mm pistol, serial number 27-128891, with six (6) 9mm rounds of ammunition in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Counts Two and Three of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

**Count Two:**

On or about September 1, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, Luis Alvarez-Pearson, the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance. All in violation of Title 21, United States Code, Sections 841(b)(1)(C).

2. **MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not less than five (5) years and up to life in prison, pursuant to Title 18, United States Code, Section 924 (c)(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than five (5) years, pursuant to Title 18, United States Code, Section 3583(b)(1); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United

States Code, Section 3013(a)(2)(A).

The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a term of imprisonment of not more than twenty (20) years, a fine not to exceed $1,000,000 dollars, and a supervised release term of at least three (3) years all pursuant to Title 21, United States Code, Section 841(b)(1)(C); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or

supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements, Application,</u> and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant

factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
| --- | --- |
| **COUNT ONE**<br>**T. 18 U.S.C. 924(c)** | |
| For Count One of the Indictment where defendant pleads guilty for possessing a firearm in furtherance of a drug trafficking crime, a minimum term of imprisonment of (60) months is mandatory. | |
| **COUNT TWO**<br>**T. 21 U.S.C. 841** | |
| **BASE OFFENSE LEVEL [U.S.S.G. §2D1.1]**<br>(less than 50 G of cocaine) | 12 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 | -2 |
| **TOTAL OFFENSE LEVEL** | 10 |
| IMPRISONMENT RANGE IF CRIMINAL HISTORY:<br>CATEGORY II<br>CATEGORY III | (8-14) months<br>(10-16) months |

8. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), for Count One the parties will request a sentence of **sixty-six (66) months** of imprisonment to run consecutive to the term imposed in Count Two. For Count Two the parties will jointly recommend a sentence of **twelve (12) months** of imprisonment.

5

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

**9.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

**10.    WAIVER OF APPEAL**

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 84 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11.    NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12.    SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Edwin A. Mora-Rolland**, and asserts that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

> a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.
>
> b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.
>
> c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.
>
> d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.
>
> e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

[handwritten margin notes: "EAM" "LMAP"]

14.     **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15.     **FIREARMS FORFEITURE**

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property" that is, a HK USP 9mm pistol, serial number 27-128891, 17 rounds of 9mm ammunition and a magazine. Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Section 924(c), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States.

16.     **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

17.     **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises

or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF REMAINING COUNT

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss the remaining Count charged in the Indictment.

### 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 4-8-18

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes & RICO Unit
Dated: 4-5-2018

_____
**Camille García-Jiménez**
Special Assistant U.S. Attorney
Dated: 4-4-18

_____
**Edwin A. Mora-Rolland**
Counsel for Defendant
Dated: 5/14/18

_____
**Luis Alvarez-Pearson**
Defendant
Dated: 5/14/18

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5/14/18

*LMAP*
**Luis Alvarez-Pearson**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5/14/18

**Edwin A. Mora-Rolland**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **Luis Alvarez-Pearson**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 924(c) and Title 21, United States Code, Section 841(a)(1). The following is a synopsis of the facts in this case:

On September 1, 2017, at approximately 11:35p.m., Puerto Rico Police (PRP) Agents were patrolling, in marked vehicles, a known drug point in San Juan. At the intersection of Corona Street and Ismael Rivera Street in Villa Palmera, upon seeing the agents approaching, Luis ALVAREZ-PEARSON moved a black object from his pants pocket onto his waistband area. Based on the Agents training and experience, they suspected it was a firearm. The PRP Agents announced their presence and told ALVAREZ-PEARSON to raise his hands, but he did not comply and walked away. The Agents pursued and apprehended him. The Agents seized from ALVAREZ-PEARSON's waistband area an HK USP 9mm pistol, serial number 27-128891, loaded with seven rounds of 9mm ammunition, and from his pants pocket a bag containing cocaine and $561.00 in US currency. After waiving his Miranda rights, ALVAREZ-PEARSON told the PRP Agents that the pistol and cocaine seized were his property.

PRP Agents contacted the Federal Bureau of Investigations (FBI). On September 2, 2017, during the FBI investigation, ALVAREZ-PEARSON consented to a search of his residence, where the Federal Agents seized 10 rounds of 9mm ammunition.

By pleading guilty, ALVAREZ-PEARSON acknowledges that he knowingly and intentionally possessed less than 50 G of cocaine for distribution purposes and the firearm in furtherance of a drug trafficking crime.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts One and Two of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, defendant's own admissions, live testimony of PRP agents and federal agents, the firearm and cocaine recovered at the scene, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
**Camille García Jiménez**
Special Assistant United States Attorney
Dated: 4-4-18

_____
**Edwin A. Mora-Rolland**
Counsel for Defendant
Dated: 5/14/18

_____
**Luis Alvarez-Pearson**
Defendant
Dated: 5/14/18